IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Mitchell Baquet Family Trust, | CV-17-00617-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Bayview Loan Services LLC, et al., | |
| Defendants. | |

Defendant Bayview's Motion to Dismiss (Doc. 11) pursuant to Fed.R.Civ.P. 12(b)(6) is before the Court.

**FACTUAL BACKGROUND**

This action is derived from a defaulted commercial loan that existed between Plaintiff and Defendant Bayview Loan Services LLC, (Bayview) and the subsequent trustee sale of that property. In January 2008, Plaintiff purchased commercial property at 890 W. Grant Road, Tucson, Arizona, 85705, for $400,000. (Response at ¶ 2). On January 4, 2008, Plaintiff proceeded to take out a $320,000 loan for the financing of the 890 W. Grant Road property from Silver Hill Financial, LLC. (Silver Hill) (Response at ¶¶ 2-3). The commercial loan was recorded with a Promissory Note, Deed of Trust,

Assignment of Leases and Rents, Security Agreement and Fixture Filing and officially filed on January 7, 2008. (Response at ¶ 3; Exhibit 11-2).

The commercial loan with Silver Hill was subsequently conveyed from Silver Hill to Bayview some time prior to 2011. (Response at ¶ 3; Document 11-3). Likely the conveyance was on January 31, 2008 by Assistant Secretary Robert G. Hall. (Response at ¶ 4). However, due to the lack of clarity and supporting evidence in the Complaint, this is not particularly clear. On October 7, 2009, Baquet conveyed the property from himself to Baquet Properties Grant Center, LLC. (Response at ¶ 3). Between 2008 and 2011, Plaintiff successfully made every monthly loan payment. (Response at ¶ 3). In 2011, Plaintiff expressed financial difficulties and requested a renegotiation of the commercial loan. (Document 11-3). On August 30, 2011 Bayview agreed to renegotiate terms and updated the loan agreement. (Document 11-4). These are the last known and final loan terms and are not in dispute by either party.

In 2013, Plaintiff again requested a loan adjustment expressing financial difficulties again. On May 1, 2013, Plaintiff missed a loan payment but cured the default and continued to make all payments for the year. (Response at ¶ 3). No known loan adjustment was made in response to Plaintiff's second adjustment request. Plaintiff continued to successfully make all further loan payments until the second default on March 1, 2017. (Response at ¶ 3). This default was confirmed uncured by January 29, 2018 and there has been no record of it being cured since. (Response at ¶ 3). Finally, on September 26, 2017, a notice of trustee sale was recorded for January 3, 2018. (Response at ¶ 4; Document 11-5). Jason P. Sherman was appointed Trustee of the property via

- 2 -

Bayview but he had no legal authority to sell the property.

**PROCEDURAL BACKGROUND**

Plaintiff pro se filed a Complaint and Motion for Temporary Restraining Order (TRO) on December 28, 2017. (Doc. 1.) The Court entered an Order maintaining the status quo until the Defendants were notified and responded, which they did on January 29, 2018 by filing a Response and Motion to Dismiss, which is before the Court. (Docs. 9, 10.) On February 26, 2018, Defendant Lawyers Title Insurance was voluntarily terminated from the action. (Doc. 15.) Plaintiff filed a Reply (Doc. 18) to the Motion to Dismiss on February 28, 2018 and Defendant Bayview filed an Answer. (Doc. 19.) The Court ordered the parties to supplement the record, which they did. (Docs. 29, 30.)[1]

Subsequent to filing this action in federal court, on March 23, 2017, Plaintiff Plaintiff filed a claim against Richard O'Brien as Chief Financial Officer of Bayview Loan Servicing, LLC, effectively naming Bayview as the Defendant, in Pima County Consolidated Justice Court. (Doc. 29-1). The claim was filed under case CV17-007609. (Response at ¶ 4; Doc. 29-1). Plaintiff claimed injuries in the form of unjust enrichment, conversion, denial of Due Process, and trespass regarding the commercial loan, much the same as the allegations lodged in this action. (Doc. 29-1 ¶ 18). The Justice Court action was dismissed without prejudice on September 13, 2017. (Doc. 11-1). Plaintiff was also

---

[1] The Court has determined to review and utilize only those extrinsic materials that are subject to judicial notice to resolve this motion. *Davis v. HSBC Bank Nev.*, 691 F.3d 1152, 1159-60 (9th Cir. 2012) (matters of public record). There is no need to, and the Court will not, convert the motion to dismiss to a motion for summary judgment.

- 3 -

designated a vexatious litigant[2] pursuant to A.R.S. § 12-3201, because he had filed fifteen (15) separate cases, all with virtually identical claims as those lodged in this action. (*Id.*)

**STANDARD OF REVIEW**

Under Fed.R.Civ.P. 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). This rule provides for dismissal of a claim with prejudice if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Parks Sch. of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001); *Balistreri v. Pacifica Police Dep't .,* 901 F.2d 696, 699 (9th Cir.1988). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Newman v. Sathyavaglswaran,* 287 F.3d 786, 788 (9th Cir.2002); *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir.1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. *Smith v. Pacific Prop. and Dev. Corp.,* 358 F.3d 1097, 1106 (9th Cir.2004); *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994). But, the Court is not

---

[2] It is not within the power of a state court to bar litigants from filing and prosecuting actions in federal court. *General Atomic Co., v. Felter*, 434 U.S. 12, 13 (1977).

required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001); *see also Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren,* 328 F.3d at 1139; *Western Mining Council,* 643 F.2d at 624. Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See *Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir.2001); *Campanelli v. Bockrath,* 100 F.3d 1476, 1479 (9th Cir.1996); *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986). A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. *Broam v. Bogan,* 320 F.3d 1023, 1026 (9th Cir.2003); *Schneider v. Cal. Dep't. of Corr.,* 151 F.3d 1194, 1197 n. 1 (9th Cir.1998). Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *Broam v. Bogan,* 320 F.3d 1023, 1026 (9th Cir.2003).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc), quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). In other words, leave to amend need not be granted when amendment would be futile. *Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002).

**DISCUSSION**

Because Plaintiff is proceeding without counsel, the Court will treat Defendant's Motion to Dismiss as responded to by Plaintiff based on the Application for TRO (Doc. 18) and the response (Doc. 30) to the Court's Minute Entry, as well as what factual allegations may be gleaned from the Complaint and other filings with the Court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unrepresented litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *Id.*

Defendant Bayview correctly argues that Plaintiff has failed to rebut any of the facts concerning the Commercial Loan and subsequent default in any document submitted with this Court. Further, this action in one form or another has been litigated repeatedly in various state courts, leading Defendant Bayview to persuasively claim that this action is barred by res judicata. Plaintiff does not dispute that C17-007609-RC was filed based on the same claims and issues as presented in this action before this Court. This action resulted in an adjudication on the merits, despite Plaintiff's claim otherwise. Plaintiff argues that the same parties were not named but that is inaccurate because the CEO of Bayview was named, as well as Bayview; Plaintiff's improper designation of the

- 6 -

named Defendants does not change the fact that the same parties were involved in the same litigation of the same claims. Ultimately, this Court finds that Bayview is a secured creditor, entitled to move forward with the trustee's sale in light of the undisputed facts in this action. (Docs. 11-A to E; 29-A to C.)

Plaintiff argues that Bayview has failed to prove that it is the beneficiary of the Deed of Trust. In Arizona, the deed of trust statutes impose no obligation on the beneficiary to "show the note" before the trustee conducts a non-judicial foreclosure sale. *Hogan v. Washington Mut. Bank, N.A.,* 230 Ariz. 584, 587 (2012). In fact, "…the only proof of authority the trustee's sales statutes require is a statement indicating the basis for the trustee's authority." *Id.* Plaintiff's "show the note" argument has no validity in this situation.

Further, Plaintiff argues that the Uniform Commercial Code (UCC) has been violated and that the Trustee's sale would violate a bankruptcy discharge. Plaintiff points to no bankruptcy case precluding foreclosure and the UCC has no bearing on actions to collect on real property liens. Plaintiff also admits that Silver Hills Financial is no longer a viable entity and not a property party to this action. Finally, Plaintiff fails to state a viable claim of slander of title under the facts in this action. In addition, the claim refers to a January 31, 2008 "slanderous" document and the statute of limitations for slander of title is one year. *Gee v. Pima County*, 126 Ariz. 116 (Ariz. App. 1980).

Plaintiff filed the Justice Court lawsuit on March 27, 2017. Plaintiff's theory of liability is the same in this case as it was in the Justice Court action. Specifically, in the Justice Court action, Plaintiff erroneously argued that a document prepared by Plaintiff

and delivered to "Richard O'Brian" had the legal effect of discharging all of Plaintiff's obligations under the Commercial Loan. The Justice Court granted Defendant Bayview's motion to dismiss and then declared Plaintiff a vexatious litigant. (Doc. 11 at A.)

The doctrine of res judicata, or claim preclusion, bars further litigation of a claim by the parties and their privies following a final judgment on the merits. *Poblete Mendoza v. Holder,* 606 F.3d 1137, 1140 (9th Cir.2010). Under res judicata, a final judgment on the merits precludes parties and their privies from re-litigating all issues that were or could have been raised in the prior action. *ProShipLine Inc. v. Aspen Infrastructures Ltd.,* 609 F.3d 960, 968 (9th Cir.2010); *Valencia–Alvarez v. Gonzales,* 469 F.3d 1319, 1323 n. 6 (9th Cir.2006) ("Res judicata or claim preclusion bars a subsequent action 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352 (1877)). The preclusive effect of a federal-court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Under the doctrine of res judicata, also known as "claim preclusion," a final judgment on the merits forecloses successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *Id.* at 892 (quotation and citation omitted). Moreover, res judicata bars relitigation not only of all grounds of recovery that were actually asserted, but also those that could have been asserted. *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003). Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the

merits; and (3) identity or privity between parties. *Ruiz v. Snohomish Co. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation and citation omitted). Upon review, Plaintiff is not permitted to re-litigate these claims in federal court. *Peterson v. Newton,* 232 Ariz. 593, 598 (Ariz. App. 2013).

Because this action may be resolved based both on res judicata and the failure to state a viable cause of action, the Court will not address the vexatious litigant or real party in interest issues as they add nothing to the analysis. The Court does note that the Plaintiff is a trust and the trustee is not a licensed attorney.  Entities must be represented in Court by an attorney and may not appear pro se; only a licensed attorney may represent the Plaintiff in this action henceforth. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 698 (9th Cir. 1987)(a corporate entity may not proceed pro se).

Plaintiff's ongoing attempts to involve Silver Hill Financial, LLC, a dissolved entity, are frivolous and do not prevent the Court from dismissing this action.  Defendant Silver Hill Financial, LLC, was the original lender associated with the loan that is the subject of this suit. The loan was subsequently transferred to Defendant Bayview. Bayview is the proper party to defend this action and to move forward with the trustee's sale to fulfill the loan obligation due since 2013.  All motions to enter default judgment against Silver Hill financial have been denied previously.  (Doc. 27.)   Plaintiff failed to properly effect service of process on this possibly defunct entity.  (Doc. 21, 21-1.)

Finally the Court has determined that no amendment of the Complaint will avoid the legal defenses raised and that no viable cause of action is possible with future litigation. *Gompper,* 298 F.3d at 898.

- 9 -

Accordingly,

IT IS ORDERED that the Defendant's Motion to Dismiss (Doc. 11) this action in its entirety is **GRANTED** with prejudice.  The Motion to Strike Plaintiff's Motion for Default Judgment (Doc. 25) is **DENIED**.  This action is terminated.

Dated this 13th day of July, 2018.

Honorable David C. Bury
United States District Judge